**FILED**

**JUN 1 2 2015**

DAVID CREWS, CLERK
BY_____
                    Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

FRANK BOERSCHMANN                                        PLAINTIFF

vs.                                            CASE NO.: 3:15cv98-MPM-JAA

GROUND SUPPORT SPECIALISTS, LLC                          DEFENDANTS
and RUDY W. YATES, INDIVIDUALLY

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, FRANK BOERSCHMANN ("Plaintiff"), by and through undersigned counsel, files this Complaint against GROUND SUPPORT SPECIALISTS, LLC (hereinafter "GSS"), a Limited Liability Company and RUDY W. YATES, Individually (hereinafter "Yates"), (collectively "Defendants"), for unpaid overtime compensation, liquidated damages, retaliation damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter the "FLSA").

## NATURE OF SUIT

1.  The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of

1

worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

3. Additionally, Plaintiff seeks a declaration of rights pursuant to Fed. R. Civ. P. 57 and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

## JURISDICTION

4. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended 29 U.S.C. § 201, *et seq.* to recover unpaid overtime, an additional equal amount as liquidated damages, retaliation damages, declaratory relief, and reasonable attorneys' fees and costs.

5. The jurisdiction of the Court over this controversy is proper pursuant to 29 U.S.C. § 1331, a Plaintiff's claims arise under 29 U.S.C. § 216(b).

6. The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, or at least a substantial part of the events giving rise to Plaintiff's claims occurred in Desoto County, Mississippi.

## PARTIES

8. At all material times hereto, Plaintiff, Frank Boerschman, was and continues to be a resident of Desoto County, Mississippi.

9. At all material times hereto Defendant, Ground Support Specialist, LLC operates and conducts business in and among Desoto County, Mississippi.

10. At all material times hereto Defendant, Rudy W. Yates, the acting Manager of Corporate Defendant, Ground Support Specialist, LLC operated and conducted business in and amound Desoto County, Mississippi and had direct control over the work, pay, and job duties of Plaintiff.

11. Defendant, Rudy W. Yates: (1) had the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedule or conditions of employment, (3) determined Plaintiff's rate and method of payment, and (4) maintained employment records.

12. As such, Defendant, Rudy W. Yates, is charged with responsibility for violations of Plaintiff's rights to overtime and resulting damages.

## **COVERAGE**

13. At all material times hereto (2012 - 2015), Plaintiff was an "employee" within the meaning of the FLSA.

14. At all material times hereto (2012 - 2015), Defendants were the "employer" within the meaning of the FLSA.

15. At all material times hereto (2012 - 2015), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

16. At all material times hereto (2012 - 2015), Defendants were, and continue to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

17. At all material times hereto (2012 - 2015), Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

18. Based upon information and belief, Defendants earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto (2012 - 2015).

19. At all material times hereto (2012 - 2015), Defendants employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

20. At all material times hereto (2012 - 2015), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

    a. Operated instrumentalities of commerce;

    b. Transported goods in commerce;

    c. Used channels of commerce;

    d. Communicated across state lines; and/or

    e. Performed work essential to any of the preceding activities.

21. At all material times hereto (2012 - 2015), Rudy W. Yates regularly exercised the authority to: (a) hire and fire employees of Ground Support Specialist, LLC; (b) determine the work schedules for the employees of Ground Support Specialist, LLC; and (c) control the finances and operations of Ground Support Specialist, LLC by virtue of having regularly exercised that authority on behalf of Ground Support Specialist, LLC, Rudy W. Yates is an "employer" as defined by 29 U.S.C. §201, *et seq.*

22. Defendants were, and continue to be, "employers" within the meaning of FLSA.

23. At all material times hereto (2012 - 2015), the work performed by Plaintiff was directly essential to the business performed by Defendant.

24. At all material times hereto (2012 - 2015), Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff, performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

## FACTUAL ALLEGATIONS

25. Based in Mississippi, Defendants manufacturer, supply and repair aircraft ground support equipment for its clients nationwide.

26. Plaintiff worked as a technical support employee for Defendants.

27. Plaintiff's job duties required him travel to Defendants' customers in order to provide assembly and reassembly work on aircraft ground support equipment.

28. Plaintiff worked in this capacity from approximately October 2004 through April 2015.

29. Plaintiff's job consisted primarily of manual physical labor.

30. At some point during Plaintiff's employ, Defendants erroneously designated Plaintiff with the job title of "Technical Support Manager." However, at no time during the relevant time period of the subject Complaint, did Plaintiff ever perform managerial duties.

31. Defendants also misclassified Plaintiff as an exempt employee resulting in the miscalculation of wages owed to Plaintiff.

32. At all material times hereto, Plaintiff worked well in excess of forty (40) hours within a workweek. Specifically, Plaintiff typically worked between fifty (50) to sixty (60) hours within a workweek.

33. However, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

34. Plaintiff should be compensated at a rate of one and one-half times Plaintiffs regular rate for all hours worked in excess of forty (40) hours in a single workweek, as required by the FLSA.

35. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

36. At all material times hereto (2012 - 2015), Defendants have violated Title 29 U.S.C. § 207, in that:

    a. Plaintiff worked in excess of forty (40) hours per workweek for the period of employment with Defendants;

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiffs regular rate for those hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

    c. Defendants have failed to maintain proper time records as mandated by the FLSA.

37. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

38. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

39. Plaintiff made various complains to Defendants for their failure to compensate him for his overtime pay.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION
## AGAINST DEFENDANTS

40. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-39 above.

41. During the relevant time period, Plaintiff worked in excess of forty (40) hours per workweek for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiffs regular rate of pay.

42. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiffs regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

43. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

44. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

45. Defendants failed to properly disclose or apprise Plaintiff of Plaintiffs rights under the FLSA.

7

46. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

47. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

48. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime hours.

49. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) hours in one or more workweeks because Defendants have failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and one-half of their regular rate of pay for such hours.

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II – RETALIATION

50. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-49 above.

51. Plaintiff complained to Defendants and demanded payment of owed overtime.

52. As a result of those conversations, Plaintiff was terminated from employment.

53. This has caused an adverse employment action against Plaintiff and he has suffered damages as a result of Defendants' retaliation.

54. Defendants have discriminated against Plaintiff because he was inquiring about Defendants' failure to pay proper overtime and minimum wage pay.

55. Defendants' actions towards Plaintiff are discrimination and retaliation against Plaintiff in violation of 29 U.S.C. §215(a)(3).

56. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against Defendants, including, but not limited to, reimbursement of an amount equal to the loss of wages and other benefits suffered by reason of Defendants' unlawful conduct, including interest on such back wages, together with costs and attorneys' fees, compensatory and emotional distress damage, and such further relief that this Court determines to be just and appropriate, including any and all injunctive relief this Court deems just and proper.

## **COUNT III – DECLARATORY RELIEF AGAINST DEFENDANTS**

57. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-56 above.

58. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

59. The Court, also, has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

60. Plaintiff may obtain declaratory relief.

61. Defendants employed Plaintiff.

62. Defendants are an enterprise.

63. Plaintiff was individually covered by the FLSA.

64. Defendants failed to pay Plaintiff for all hours worked.

65. Plaintiff is entitled to overtime pursuant to 29 U.S.C. § 207(a)(1).

66. Plaintiff is entitled to the payment of all regular hours worked at no less than the statutory minimum wage;

67. Defendants did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

68. Defendants did not rely upon a good faith defense.

69. Plaintiff is entitled to an equal amount of liquidated damages.

70. It is in the public interest to have these declarations of rights recorded.

71. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

72. The declaratory judgment action terminates and affords relief from uncertainty, insecurity and controversy giving rise to the proceeding.

73. Plaintiff demands trial by jury.

Wherefore, Plaintiff demands a declaration of rights finding that an employer-employee relationship existed, Plaintiff worked hours over forty (40) hours in a workweek without receiving correct overtime pursuant to the FLSA, Defendants failed to keep accurate time records, Defendant had a legal duty to pay Plaintiff overtime pursuant to the FLSA, Defendant failed to prove a good faith defense, Plaintiff is entitled to overtime, liquidated damages and reasonable attorneys' fees pursuant to the FLSA.

## DEMAND FOR JURY TRIAL AGAINST DEFENDANTS

74. Plaintiff demands a jury trial on all issues so triable against Defendants.

This the 10th day of June, 2015.

                                              Respectfully submitted,

                                              FRANK BOERSCHMANN, PLAINTIFF

                                              CHRISTOPHER W. ESPY, ESQ.

                                              Christopher W. Espy, Esq. (MSB#: 102424)
                                              MORGAN & MORGAN
                                              188 East Capitol Street, Suite 777
                                              Jackson, Mississippi 39201
                                              Phone: 601-718-2087
                                              Fax:   601-718-2102
                                              Email: cespy@forthepeople.com

                                              ATTORNEY FOR PLAINTIFF